**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:18-CR-135-ADA** |
| | § | |
| **DANIEL FREDRICK AVILES-HAMMAC** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

The Defendant was convicted of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and Possession with Intent to Distribute at Least 50 Grams of Methamphetamine, A Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). The Defendant was released to supervision on November 8, 2022. On April 9, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms

of his supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated standard condition Number 13, in that the defendant did not follow the instructions of the probation officer.
>
> **Violation Number 2:** The defendant violated the first special condition, in that the defendant did not participate in a substance abuse treatment program and follow the rules and regulations of that program.

At the hearing, Defendant pleaded TRUE as to violation numbers 1 and 2. The Government then presented evidence that would support a finding of TRUE, by a preponderance of the evidence, as to the violations.

## II.  FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.
2. The Defendant was competent to make the decision to enter a plea to the allegations.
3. The Defendant had both a factual and rational understanding of the proceedings against him.
4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.
6. The Defendant was sane and mentally competent to stand trial for these proceedings.
7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III.   RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant be continued on supervised release, with all original conditions of release to remain in place. Defendant is required to enroll in a substance abuse treatment program, as best determined by his Probation Officer.

It is further **ORDERED** that if Defendant allegedly violates the conditions of release and a petition to revoke supervision is granted, Defendant **SHALL** be brought before the undersigned for any future revocation hearings if at all possible.

### IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of July, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE